**FILED - GR**

May 3, 2011 5:41 PM

TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: EC /

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

          Plaintiff,

          vs.

PERLA VELAZQUEZ-GOMEZ,
ROSALBA REYES-MORALES, aka
ROSALVA REYES-MORALES,
CARLOS REYES-MORALES, aka
CARLOS HERNANDEZ,
LUIS ANTONIO REYES-MORALES, aka
LUIS VELAZQUEZ-HERNANDEZ,

          Defendants.

_____/

No.   **1:11-cr-135**

      **Janet T. Neff**

Hon.   **U.S. District Judge**

**INDICTMENT**

The Grand Jury charges:

## COUNT 1

Beginning on or about January 26, 2010, and continuing to and including February 8, 2010, within the Western District of Michigan, Southern Division, and elsewhere, defendants

PERLA VELAZQUEZ-GOMEZ,
ROSALBA REYES-MORALES, aka ROSALVA REYES-MORALES,
CARLOS REYES-MORALES, aka CARLOS HERNANDEZ,
LUIS ANTONIO REYES-MORALES, aka LUIS VELAZQUEZ-HERNANDEZ,

with the intent to violate the immigration laws of the United States, did knowingly and intentionally conspire with each other, to commit the offense against the United States as set forth below:

To transport and move, and attempt to transport and move, by means of transportation or otherwise, aliens who entered and who remained in the United States in violation of law, and in furtherance of such violation of law, for the purpose of commercial advantage and private

financial gain, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii) and (B)(i).

## OBJECT OF THE CONSPIRACY

The object of the conspiracy was to transport and move illegal aliens from the state of Florida to Allegan County in Michigan by means of transportation and otherwise for the purpose of commercial advantage and private financial gain.

## OVERT ACTS

In order to effect the object of the conspiracy, the defendants engaged in one or more of the following overt acts:

1.    On or before January 26, 2010, Perla Velazquez-Gomez and/or Rosalba Reyes-Morales placed a sign on a community bulletin board in the local IGA in Dover, Florida. The sign provided a cell number for Perla Velazquez-Gomez and promised work for six (6) persons in Michigan including housing, food and transportation. No mention of payment for transportation or the housing appeared on the sign.

2.    Perla Velazquez-Gomez was contacted by Eider Gonzalez-Ruedas and agreed to meet with Gonzalez-Ruedas and three (3) other men, Jose Martin Hernandez, Jimmy Pineda-Hernandez and Luis Ramirez-Roque. On the telephone, Perla Velazquez-Gomez repeated the promises contained in the sign and again at a meeting in Dover, Florida on January 26, 2010. During the meeting, Perla Velazquez-Gomez brought Rosalba Reyes-Morales and her two sons, Luis Antonio Reyes-Morales and Carlos Reyes-Morales. At that meeting, Perla Velazquez-Gomez disclosed that the men would have to pay $250 each for the one way trip to Michigan. No mention was made regarding any other payments for rent, transportation or food. Jose Martin Hernandez and the other three (3) men specifically admitted to Perla Velazquez-Gomez that they

2

were illegally in the United States, after she asked the four (4) men if they were in the United States illegally. The four (4) men paid Perla Velazquez-Gomez half the transportation fee up front on or between January 26, 2010 and February 7, 2010.

3.    Apolinar Moyao-Rojas and Guillermo Moyao-Rojas were recruited to go with the other four (4) men in Dover, Florida, by Perla Velazquez-Gomez. They also paid half of the $250 up front to Perla Velazquez-Gomez on or between January 24, 2010 and February 7, 2010.

4.    On February 7, 2010, the six (6) men departed Florida in two vehicles. One was a 2003 Dodge Durango (black), which was driven by both Rosalba Reyes-Morales and her son, Luis Antonio Reyes-Morales, during the trip. Riding in the Durango were Luis Ramirez-Roque and Eider Gonzalez-Ruedas.

5.    The second vehicle on the trip was a green Ford F150. It was driven by both Perla Velazquez-Gomez and Carlos Reyes-Morales during the trip. Riding in the vehicle were Jose Martin Hernandez, Jimmy Pineda-Hernandez (until Atlanta, when he switched to the Durango), and Apolinar and Guillermo Moyao-Rojas.

6.    The six (6) men were provided no food on the trip to Michigan. Perla Velazquez-Gomez, Carlos Reyes-Morales, Luis Antonio Reyes-Morales and Rosalba Reyes-Morales did eat during the trip. At no time during the trip were the men allowed any freedom, except for one opportunity to purchase a soda. The drivers got lost in Ohio and stopped at an ATM, where Rosalba Reyes-Morales withdrew money.

7.    The six (6) men were taken directly to a trailer at 500 46th Street, Grand Junction, Michigan, 49506, in Allegan County. All five (5) defendants stayed with the six (6) men at the trailer. Perla Velazquez-Gomez had previously asked permission from Eugene Allen, the owner

3

of the trailer, to live there with her family during the winter, until agricultural jobs became available, to which he had agreed. Only five (5) persons were supposed to be residing in that trailer.

8.      Rosalba Reyes-Morales and Perla Velazquez-Gomez advised the six (6) men that they (Perla Velazquez-Gomez and Rosalba Reyes-Morales) wouldn't pay for anything and told the six (6) men to contact their families to loan them money. At that time, the six (6) men realized that they had been lied to. However, they did not have any cellular phones, vehicles or money and could do nothing about it.

9.      At this point, the men were told by the women that they could not go to the store unescorted, that they could not communicate with their families without permission, and that they could not leave the house. The men were told by Perla Velazquez-Gomez and Rosalba Reyes-Morales that the "Americans" would kick them out if they knew a lot of people were staying there. The six (6) men were also told by the women that they would be charged $5/day/person for transportation while they looked for work. They were told by the women that they would get two (2) meals a day and be charged at the rate of $70/week/person, as well as rent of $30/week/person. Perla Velazquez-Gomez kept track of the money "owed" by the six (6) men in a coverless spiral notebook.

10.     While the men were driven around to look for work, all ten people, the four (4) defendants and the six (6) men were all transported in the Dodge Durango. One of the men was forced each day to ride in the rear trunk space. As the six (6) men did not read or write English, one of the two (2) women filled out the applications for them, usually Perla Velazquez-Gomez. In the second week, three (3) of the men, Apolinar Moyao-Lopez, Jimmy Pineda-Hernandez, and

Luis Ramirez-Roque got employment at a nursery, Wenke Greenhouses, in Kalamazoo County.

The four (4) defendants took them to work each day, before going out to look for work for the

other three (3) men.  They also subsequently obtained employment with Wenke Greenhouses in

Kalamazoo County.

8 U.S.C. § 1324(a)(1)(A)(v); (B)(I)
18 U.S.C. § 371

## COUNT 2

In or about February 2010, in the Western District of Michigan, Southern Division, and elsewhere, the defendants,

PERLA VELAZQUEZ-GOMEZ and
CARLOS REYES-MORALES, aka
CARLOS HERNANDEZ,

knowing and in reckless disregard of the fact that a certain alien, Jose Martin Hernandez, had come to, entered and remained in the United States in violation of law, did transport and move said alien within the United States by means of transportation and otherwise in furtherance of such violation of law, for the purpose of commercial advantage and private financial gain.

8 U.S.C. § 1324(a)(1)(A)(ii)
8 U.S.C. § 1324(a)(1)(B)(i)

## COUNT 3

In or about February 2010, in the Western District of Michigan, Southern Division, and elsewhere, the defendants,

PERLA VELAZQUEZ-GOMEZ and
CARLOS REYES-MORALES, aka
CARLOS HERNANDEZ,

knowing and in reckless disregard of the fact that a certain alien, Apolinar Moyao-Rojas, had come to, entered and remained in the United States in violation of law, did transport and move said alien within the United States by means of transportation and otherwise, in furtherance of such violation of law, for the purpose of commercial advantage and private financial gain.

8 U.S.C. § 1324(a)(1)(A)(ii)
8 U.S.C. § 1324(a)(1)(B)(i)

## COUNT 4

In or about February 2010, in the Western District of Michigan, Southern Division, and elsewhere,  the defendants,

PERLA VELAZQUEZ-GOMEZ and
CARLOS REYES-MORALES, aka
CARLOS HERNANDEZ,

knowing and in reckless disregard of the fact that a certain alien, Guillermo Moyao-Rojas, had come to, entered and remained in the United States in violation of law, did transport and move said alien within the United States by means of transportation and otherwise, in furtherance of such violation of law, for the purpose of commercial advantage and private financial gain.

8 U.S.C. § 1324(a)(1)(A)(ii)
8 U.S.C. § 1324(a)(1)(B)(i)

## COUNT 5

In or about February 2010, in the Western District of Michigan, Southern Division, and elsewhere, the defendants,

ROSALBA REYES-MORALES aka
ROSALVA REYES-MORALES, and
LUIS ANTONIO REYES-MORALES aka
LUIS VELAZQUEZ-HERNANDEZ,

knowing and in reckless disregard of the fact that a certain alien, Eider Gonzalez-Ruedas, had come to, entered and remained in the United States in violation of law, did transport and move said alien within the United States by means of transportation and otherwise, in furtherance of such violation of law, for the purpose of commercial advantage and private financial gain.

8 U.S.C. § 1324(a)(1)(A)(ii)
8 U.S.C. § 1324(a)(1)(B)(i)

9

## COUNT 6

In or about February 2010, in the Western District of Michigan, Southern Division, and elsewhere, the defendants,

ROSALBA REYES-MORALES aka
ROSALVA REYES-MORALES, and
LUIS ANTONIO REYES-MORALES aka
LUIS VELAZQUEZ-HERNANDEZ,

knowing and in reckless disregard of the fact that a certain alien, Luis Ramirez-Roque, had come to, entered and remained in the United States in violation of law, did transport and move said alien within the United States by means of transportation and otherwise, in furtherance of such violation of law, for the purpose of commercial advantage and private financial gain.

8 U.S.C. § 1324(a)(1)(A)(ii)
8 U.S.C. § 1324(a)(1)(B)(i)

## COUNT 7

In or about February 2010, in the Western District of Michigan, Southern Division, and elsewhere, the defendants,

ROSALBA REYES-MORALES aka
ROSALVA REYES-MORALES, and
LUIS ANTONIO REYES-MORALES aka
LUIS VELAZQUEZ-HERNANDEZ,

knowing and in reckless disregard of the fact that a certain alien, Jimmy Pineda-Hernandez, had come to, entered and remained in the United States in violation of law, did transport and move said alien within the United States by means of transportation and otherwise, in furtherance of such violation of law, for the purpose of commercial advantage and private financial gain.

8 U.S.C. § 1324(a)(1)(A)(ii)
8 U.S.C. § 1324(a)(1)(B)(i)

## COUNT 8

On or about February 15, 2010, in Kalamazoo County, in the Western District of Michigan, Southern Division,

PERLA VELAZQUEZ-GOMEZ,

for the purpose of satisfying a requirement of the employment verification system set forth in subsection 1324a(b) of Title 8 of the United States Code, used a false identification document, to wit, a false I-551 Permanent Resident Card, knowing that the document was false, in that the I-551 Permanent Resident Card bore a number that had not been issued to her.

18 U.S.C. § 1546(b)(2)

## COUNT 9

On or about February 15, 2010, in Kalamazoo County, in the Western District of Michigan, Southern Division,

ROSALBA REYES-MORALES aka
ROSALVA REYES-MORALES,

for the purpose of satisfying a requirement of the employment verification system set forth in subsection 1324a(b) of Title 8 of the United States Code, used a false identification document, to wit, a false I-551 Permanent Resident Card, knowing that the document was false, in that the I-551 Permanent Resident Card bore a number that had not been issued to her.

18 U.S.C. § 1546(b)(2)

## COUNT 10

On or about February 16, 2010, in Kalamazoo County, in the Western District of

Michigan, Southern Division,

CARLOS REYES-MORALES aka
CARLOS HERNANDEZ,

for the purpose of satisfying a requirement of the employment verification system set forth in

subsection 1324a(b) of Title 8 of the United States Code, used a false identification document, to

wit, a false I-551 Permanent Resident Card, knowing that the document was false, in that the I-

551 Permanent Resident Card bore a number that had not been issued to him.

18 U.S.C. § 1546(b)(2)

## **COUNT 11**

On or about February 16, 2010, in Kalamazoo County, in the Western District of

Michigan, Southern Division,

LUIS ANTONIO REYES-MORALES aka
LUIS VELAZQUEZ-HERNANDEZ,

for the purpose of satisfying a requirement of the employment verification system set forth in

subsection 1324a(b) of Title 8 of the United States Code, used a false identification document, to

wit, a false I-551 Permanent Resident Card, knowing that the document was false, in that the I-

551 Permanent Resident Card bore a number that had not been issued to him.

18 U.S.C. § 1546(b)(2)

A TRUE BILL

_____
GRAND JURY FOREPERSON

DONALD A. DAVIS
United States Attorney

_____
JOHN F. SALAN
Assistant United States Attorney